CHRISTIAN J. OCHS, PLAINTIFF-APPELLANT AND CROSS-RE-
SPONDENT, v. FEDERAL INSURANCE COMPANY AND
CHUBB/PACIFIC INDEMNITY GROUP, DEFENDANTS-RE-
SPONDENTS AND CROSS-APPELLANTS.

Argued September 22, 1981—Decided June 30, 1982.

*Anthony Amabile* argued the cause for appellant and cross-respondent (*Witham, Amabile & Takvorian*, attorneys).

*Patricia J. Cooney* argued the cause for respondents and cross-appellants (*Shanley & Fisher*, attorneys; *Thomas F. Campion*, of counsel).

The opinion of the Court was delivered by

CLIFFORD, J.

The court below, with one judge dissenting, interpreted the limitations provision in the New Jersey Automobile Reparation Reform Act (No Fault Act), *N.J.S.A.* 39:6A–11 to –16, differently from another panel of the Appellate Division in *Danilla v. Leatherby Insurance Co.*, 168 *N.J.Super.* 515 (1979). Inasmuch as we agree with the *Danilla* approach, we reverse.

I

On November 10, 1974, while riding his motorcycle, plaintiff, Christian J. Ochs, was involved in an accident with an automobile. As a result plaintiff was seriously injured and underwent several extended periods of hospitalization.

At the time of the accident plaintiff owned a 1974 Fiat automobile insured by defendant Federal Insurance Company (Federal) for the period August 17, 1974 to February 17, 1975. Shortly after the accident plaintiff's mother inquired of Federal's agent, on plaintiff's behalf, as to the coverage applicable to plaintiff's medical expenses. She was informed that the Personal Injury Protection (PIP) provision in plaintiff's insurance policy excluded coverage of motorcycles and therefore plaintiff was not entitled to receive any PIP benefits. This information was accurate at the time, although, as will be developed below, the exclusion was later declared invalid.

·Plaintiff did not make a formal application for PIP benefits until February 18, 1978. On April 17, 1978 Federal denied the application on the ground that the claim was barred by statutory limitations contained in *N.J.S.A.* 39:6A–13.1(a). That section required plaintiff's action to

> be commenced not later than 2 years after the injured person * * * suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits. [*N.J.S.A.* 39:6A–13.1(a) (footnotes omitted).]

On May 8, 1978 plaintiff commenced this action for recovery of PIP benefits. Both parties moved for summary judgment. The plaintiff argued, and the trial court apparently agreed, that the above-mentioned two-year period of limitations does not start to run until the last expense related to the injury is incurred. Under that reasoning plaintiff was not time-barred because he was entitled to two years after his final expense in which to bring suit, assuming the four year outside limit had not yet been reached. The trial court, obviously unaware of *Danilla's* requirement that suit be brought within two years after the first expense is incurred, granted plaintiff's motion for summary judgment, awarding him $69,301.06 plus interest.

The Appellate Division modified the trial court's judgment to reflect its interpretation of the *N.J.S.A.* 39:6A–13.1(a) statute of limitations. *Ochs v. Federal Insurance Co.,* 177 *N.J.Super.* 19 (1980). Under the Appellate Division's construction the statute bars recovery only of those expenses that are more than two years old when suit is brought and not of those expenses that were incurred within the two-year period prior to suit, provided only that the suit is commenced within the four year period. *Id.* at 24.

Judge Allcorn dissented from the modification, voting instead for a reversal of the judgment for plaintiff on the basis of *Danilla, supra. Id.* 177 *N.J.Super.* at 25. We granted plaintiff's petition for certification. 87 *N.J.* 314 (1981). Defendant appeals as of right based on the dissent below. *R.* 2:2–1(a)(2).

## II

The primary issue is the proper interpretation of the statute of limitations provision in *N.J.S.A.* 39:6A–13.1(a).[1] As has been demonstrated by the court below and by the Appellate Division in *Danilla, supra,* there are three possible approaches: the period of limitations may be interpreted as running from the date of either the first expense incurred or the last expense incurred, or as running separately for each individual expense with a four-year outside limitation.

A statute of limitations has two purposes. The first is to stimulate litigants to pursue a right of action within a reasonable time so that the opposing party may have a fair opportunity to defend, thus preventing the litigation of stale claims. *Chase Securities Corp. v. Donaldson,* 325 *U.S.* 304, 314, 65 *S.Ct.* 1137, 1142, 89 *L.Ed.*2d 1628, 1635 (1945); *Kaczmarek v. New Jersey Turnpike Authority,* 77 *N.J.* 329, 337 (1978). The second function is to "penalize dilatoriness and serve as a measure of repose." *Farrell v. Votator Division of Chemetron Corp.,* 62 *N.J.* 111 (1975). Although the proponent of each of the three applications of *N.J.S.A.* 39:6A–13.1(a) relies on these generally accepted purposes to support its usage, we find that the interpretation adopted in *Danilla v. Leatherby Ins. Co., supra,* best fulfills the above-stated purposes, without doing violence to the language of the statute.

The plaintiff in *Danilla* filed his complaint two and one-half years after his accident (and his first medical expense) occurred. The defendant insurance company's answer denied liability and raised the defense of *N.J.S.A.* 39:6A–13.1(a). 168 *N.J.Super.* at 516–17. Plaintiff asserted that his action was not time-barred inasmuch as he sought reimbursement only for those expenses

---

[1] We do not deal here with the question of the appropriate starting date of the period of limitations where there has been voluntary compensation for previous medical expenses. See *Bell v. Western Employer's Ins. Co.,* 173 *N.J.Super.* 60 (App.Div.1980).

that were incurred within the two years prior to the filing of his complaint, precisely the approach taken by the Appellate Division in this case.

The *Danilla* court rejected plaintiff's assertion that the statutory two year period beginning "after the injured person * * * incurs *an* expense * * * " (emphasis added) embodied the Legislature's intent that the period of limitations should run from *each* expense incurred. 168 *N.J.Super.* at 518–19. Instead, the court accepted what it viewed as the only logical alternative, namely, that the two-year period began to run "from either the date of the accident or from the date on which the insured became aware that his injuries were related to the accident." *Id.* at 519. The *Danilla* court resorted to the history of the statute of limitations found in Iavicoli, *No Fault & Comparative Negligence in New Jersey* (1973) (hereinafter *Iavicoli* ). There, the author points out that the Automobile Reparation Reform Act originally did not contain a statute of limitations provision, the Legislature relying instead on the general two-year statute of limitations pertaining to personal injury actions, *N.J.S.A.* 2A:14–2.[2] The No-Fault Act was subsequently amended to include *N.J.S.A.* 39:6A–13.1, which, according to *Iavicoli*, comports in meaning with the personal injury statute of limitations—that is, the period runs from the time the legal claim arises, either the date of the injury or the date on which the injured party becomes aware of the source of his injuries. *Iavicoli, supra,* at 75–80.

■ As between the two possibilities considered by the *Danilla* court, the *Iavicoli* version best fulfills the purpose and function of statutes of limitation. Requiring that an action be brought within two years of the injury (or first expense) helps

---

[2]It is unnecessary for us to resolve the conflict between Iavicoli's conclusion that in the absence of *N.J.S.A.* 39:6A–13.1 the two-year personal injury statute of limitations would be applicable to No-Fault actions, and the assertion of the court below that the six year contractual statute of limitations would apply. See 177 *N.J.Super.* at 23 n. 2.

speed the litigation of claims and protects the rights of both the insuror and the insured. Significantly, *N.J.S.A.* 39:6A–13.1 comes into play when the insured is pursuing an action for personal injury protection benefits in the face of non-payment of benefits claimed to be due from the insuror. It affects only whether or not an action may be maintained; once payment is determined to be due, the statute does not place any time limitations on the payment of future benefits. Thus, diligence in filing a complaint is not penalized by a restriction on the future receipt of benefits.

Further, there is no reason to believe the Legislature intended the period of limitations to commence anew with each medical expense. If the Legislature wished to allow an action to be brought at any time during the four-year period, it would not have chosen to foreclose compensation for expenses incurred more than two years before suit. Presumably, the Legislature intended all injuries flowing from a single accident to stand on equal footing with regard to their compensability. We know of no statutes of limitation providing otherwise. In the absence of clearer indications of legislative intent to write this statute differently, we assume it was meant to be consistent with all other such statutes.

Even less persuasive is the position taken by plaintiff here and adopted by the trial court, namely, that the statute permits "suit to be brought at any time until the expiration of the four year period following the date of the accident" and that "the encompassed two-year period of limitations does not start to run so long as expenses are still being incurred." 177 *N.J.Super.* at 22. The deficiencies inherent in the "each expense" option, noted above, are equally applicable to the "last expense" theory. Moreover, the "last expense" approach ignores the fact that a suit to recover PIP benefits seeks essentially a declaration of liability. It is not necessary to present an enumeration of the specific expenses. Once liability is established, the carrier is responsible for *all* medical expenses related

to the accident. The interpretation suggested by plaintiff contradicts the policy underlying the statute. The need for repose and certainty in human affairs argues in favor of encouraging prompt filing of claims.

■ The *Danilla* rule is not only the most plausible interpretation of the statutory language, but it best satisfies the competing policies underlying the statute. It encourages prompt filing of claims with the resultant repose to the insurer. It also allows complete recovery for *all* expenses caused by the accident for plaintiffs who have sued in a timely manner, rather than limiting recovery to the expenses incurred within two years of suit. This represents the best and fairest accommodation of the right of the carrier to repose and the right of the insured to recover.

■ The application of the *Danilla* rule to the facts of this case leads to the conclusion that plaintiff's action is time-barred under *N.J.S.A.* 39:6A–13.1(a). Ochs was injured and incurred his first medical expenses on November 10, 1974, but his application for PIP benefits was not filed until February 18, 1978, over three years later and well beyond the two-year period of limitations.

### III

Plaintiff further contends that even if this Court interprets the limitations period in accordance with *Danilla*, equitable considerations should preclude application of those limitations. The argument focuses on the standard exclusion found in automobile insurance policies at the time Ochs' policy was issued by Federal and at the time of the accident. Under that exclusion PIP benefits were unavailable to a motorcyclist when involved in a collision with an automobile.

The asserted unfairness stems from the fact that the motorcycle provision was not determined to be void as against public policy and unenforceable until the cases of *Hoglin v. Nationwide Mutual Insurance Co.*, 144 *N.J.Super.* 475 (App.Div.1976), and *Harlan v. Fidelity & Casualty Co.*, 139 *N.J.Super.* 226 (Law

Div.1976), were decided. Plaintiff, ignoring the *Harlan* case, argues that inasmuch as *Hoglin* was not decided until November 9, 1976, just one day short of two years from the date of his first expense, the earliest he could possibly have reason to know that he had a cause of action against Federal was about the time that the limitations of *N.J.S.A.* 39:6–13.1(a) ran against him, according to *Danilla's* method of computation.

This precise question has been dealt with before in *Evernham v. Selected Risks Insurance Co.*, 163 *N.J.Super.* 132 (App.Div. 1978), certif. den., 79 *N.J.* 479 (1979). The *Evernham* court, faced with an action brought out of time under *N.J.S.A.* 39:6A–13.1(b) but within two years of the *Harlan* and *Hoglin* decisions, held that the suit was time-barred.[3] The court refused to invoke principles of equity jurisprudence in part because the court viewed it as "incumbent upon plaintiff to bring a timely action disputing the validity of the exclusionary clause in the light of the contrary language of the statute, just as the successful plaintiffs did in the *Harlan* and *Hoglin* cases," ·163 *N.J.Super.* at 136, but primarily because of its determination that equitable estoppel is not appropriate where "a reasonable time remains to meet the statute after cessation of any basis for continued reliance by the plaintiff on the conduct of the defendant * * *." *Id.* at 137. Thus, since the *Evernham* plaintiff's statutory limitation period extended for almost a year beyond the *Harlan* decision, during which time no complaint was filed, the court held the action to be time-barred.

█ Like the plaintiff in *Evernham*, Ochs failed to avail himself of the opportunity to challenge the motorcycle exclusion by litigating the point. And, like the plaintiff in *Evernham*, Ochs failed to file suit after the policy provision had been invalidated by the *Harlan* decision but before the statutory period had run. *Harlan* was decided on January 18, 1976. Since

---

[3] *N.J.S.A.* 39:6A–13.1(b) contains the same statute of limitations as 13.1(a) but applies to actions by a decedent's estate.

Ochs' accident occurred on November 10, 1974, he had more than nine months in which to bring this action after the Law Division's published decision in *Harlan*. And even if we were to apply what the *Evernham* court refers to as a "hybrid estoppel-discovery concept to avoid the bar of the statute," 163 *N.J.Super.* at 135, the filing of the complaint in May 1978 would be more than two years beyond the January 1976 date of *Harlan*. Consequently, we are not persuaded that equitable considerations should operate to bar the imposition of the statutory limitations period.

IV

The judgment of the Appellate Division is reversed and the cause is remanded to the trial court for entry there of judgment in favor of defendants.

*For reversal and remandment* —Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*For affirmance* —None.