193 N.J. Super. 303 (1983)
473 A.2d 981
LOVELLA LIND AND EDWARD O. LIND, JR., INDIVIDUALLY AND AS GUARDIANS FOR EDWARD O. LIND, III, A MINOR, PLAINTIFFS-RESPONDENTS,
v.
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 13, 1983.
Decided June 27, 1983.
Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Steedle, Megargee, Youngblood, Franklin & Corcoran, P.A., for appellant (Roger C. Steedle, on the brief).
No brief was filed on behalf of respondents.
PER CURIAM.
The judgment under review is affirmed substantially for the reasons expressed by Judge Gibson in his opinion reported at 174 N.J. Super. 363 (Law Div. 1980). We find nothing in the subsequently decided case of Ochs v. Federal Ins. Co., 90 N.J. 108 (1982) which compels a contrary holding.
BISCHOFF, P.J.A.D., dissenting.
I find the majority's adoption and affirmance of the trial court's opinion unacceptable, thus compelling me to record my dissent.
The accident which gives rise to this PIP claim occurred Oct. 12, 1974 with Edward O. Lind, III sustaining injuries for which he received treatment. The PIP carrier paid all bills submitted up to Feb. 26, 1975. At that time active treatment terminated. Future surgery was anticipated but deferred due to the age of the claimant (then age 7). In October of 1978 medical examinations were conducted and bills for the examinations submitted to *304 the PIP carrier. Payment was refused for the reason that more than two years had elapsed since the last treatment. Reliance was placed upon N.J.S.A. 39:6A-13.1(a) which provides:
a. Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits.
This action against the carrier was filed Feb. 1, 1979.
It is conceded the law suit was instituted more than four years after the accident and more "than 2 years after the last payment of benefits." In fact, the trial court concluded plaintiffs' claim was barred by the clear wording of the statute but applied equitable considerations to reach a result which it thought would "fulfill the clearly defined goals of the statute." 174 N.J. Super. at 369.
In doing so I believe he erred. The statutory provision under consideration is clear and unambiguous. As Judge Fritz observed in Still v. Ohio Casualty Ins. Co., 189 N.J. Super. 231 (App.Div. 1983) (opinion dated April 21, 1983) "It would be difficult to improve upon the clarity of words expressing limitation in terms of `not later than 2 years after the last payment of benefits'. N.J.S.A. 39:6A-13.1a (emphasis supplied)."
It is therefore unnecessary to delve deeper than the literal words of the statute to define the legislative intent. State v. Butler, 89 N.J. 220, 226 (1982).
Here the suit was not instituted within "4 years after the accident" nor within 2 years after the last payment of benefits. Bell v. Western Employer's Ins. Co., 173 N.J. Super. 60 (App.Div. 1980) is factually inapposite and the court in Ochs v. Federal Ins. Co., 90 N.J. 108, 112, n. 1 (1982) identified the general issue but refrained from deciding it.
*305 Plaintiffs' claim is barred by the clear wording of the statute. Amendments and extensions of the statutory scheme should be left to the Legislature and not performed by this Court under the guise of a liberal interpretation.
I would hold plaintiffs' claim for reimbursement for the cost of the medical examinations is barred by N.J.S.A. 39:6A-13.1(a).