205 N.J. Super. 196 (1985)
500 A.2d 717
WINIFRED HELTON, PLAINTIFF-APPELLANT,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1985.
Decided October 30, 1985.
*199 Before Judges FRITZ and BAIME.
Russell L. Needell argued the cause for appellant (John R. Knodel, attorney; John R. Knodel, on the brief).
Timothy E. Annin argued the cause for respondent (Parker, McCay & Criscuolo, attorneys; Martin S. Pappaterra, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff instituted this action to recover personal injury protection benefits (PIP) under N.J.S.A. 39:6A-4. At the commencement of the trial, plaintiff's attorney stipulated that all medical bills had been paid by defendant with the exception of $1,821 in chiropractic fees relating to services which had been rendered after the filing of the complaint.[1] Following presentation of the evidence, the trial judge determined that defendant was liable for medical bills in the amount of $1,821 and income *200 continuation benefits in the sum of $200. Pursuant to N.J.S.A. 39:6A-5, the judge assessed interest in the sum of $206.97 for overdue payments. In addition, the trial judge awarded counsel fees in the amount of $1,800 plus taxed costs.
On appeal, plaintiff contends that the trial judge abused his discretion by denying her request for attorney's fees in excess of $11,000. She further argues that the judge erred when he denied her application for reimbursement of the $500 expert witness fee charged by her treating chiropractor who appeared and testified on her behalf at trial.
Our thorough review of the record convinces us that plaintiff's arguments are wholly devoid of merit. R. 4:42-9 permits the award of counsel fees to a successful claimant upon a liability or indemnity policy of insurance.[2] One purpose of the rule is to discourage groundless disclaimers by assessing against the insurer expenses incurred by its insured in enforcing coverage. Kistler v. N.J.Mfts. Ins. Co., 172 N.J. Super. 324, 328-329 (App.Div. 1980); Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App.Div. 1971), certif. den. 60 N.J. 141 (1972). Another objective is to accord an insured the full benefit of his contract without unanticipated expenses over and above the premiums paid. Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234, 46 (App.Div. 1975); N.J. Mfrs. Ins. Co. v. Consolidated, 124 N.J. Super. 598, 600-602 (Law Div. 1973).
The allowance of counsel fees and the amount awarded remain discretionary with the trial court. Zyck v. Hartford Ins. Group, 150 N.J. Super. 431, 435 (App.Div. 1977), certif. den. *201 75 N.J. 521 (1977); Muschette v. The Gateway Ins. Co., 149 N.J. Super. 89, 96 (App.Div. 1977), aff'd 76 N.J. 560 (1978). Among the factors to be considered are the "debatability of the statutory construction issue as well as the comparatively small amount of the claim involved." Maros v. Transamerica Ins. Co., 76 N.J. 572, 579 (1978); Kistler v. N.J. Mfts. Ins. Co., supra 172 N.J. Super. at 329; Van Houten v. N.J. Mfts. Ins. Co., 159 N.J. Super. 208, 217 (Cty.D.Ct. 1978) aff'd 170 N.J. Super. 415 (App.Div. 1979). Here, the trial judge concluded that plaintiff's request for attorneys fees was grossly inflated and unreasonable. We cannot say from our review of the record that his decision constituted a mistaken exercise of his discretion in light of the attendant circumstances. We perceive no sound basis to disturb the trial judge's discretionary decision.
We also reject plaintiff's argument that she was entitled to reimbursement of fees paid to her chiropractor in return for his appearance and testimony at trial. Plaintiff's contention is grounded upon the hypothesis that insurance carriers will be encouraged to frivolously disclaim liability unless claimants are permitted to recapture the expenses of costly litigation. However, plaintiff's assertion ignores the fact that a successful claimant under the No Fault Law has a right to interest on overdue payments (N.J.S.A. 39:6A-5c) and the ability to recover counsel fees (R. 4:42-9(a)(6)).[3] These factors "should sufficiently guard against a situation where an injured party is subjected to protracted aggravated consequences because of an insurer's *202 failure to pay." Kubiak v. Allstate Ins. Co., 198 N.J. Super. 115, 119-120 (App.Div. 1984).
In any event, at the time that suit was instituted the No Fault Law did not provide for the award of expert witness fees.[4] Absent such a statutory provision, we perceive no authority to depart from the general policy that "each litigant shall bear the expenses of prosecuting and defending his individual interests." Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167 (1960); State v. Otis Elevator Co., 12 N.J. 1, 10 (1953); Janovsky v. American Motorists Ins. Co., 11 N.J. 1, 7 (1952). See also Housing Auth. of Long Branch v. Valentino, 47 N.J. 265, 268 (1966) where our Supreme Court held that a trial judge's order denying expert witness fees in a condemnation case was proper since there was no statutory authorization. We thus, conclude that the trial judge properly denied plaintiff's application.
As noted, the trial judge granted taxed costs as part of the final judgment. Plaintiff apparently does not contend that expert witness fees may be recovered as taxed costs. Nevertheless, we have carefully considered that possibility. We conclude that expert witness fees do not fall within the ambit of any of the applicable court rules or statutes.
R. 4:42-8(a) provides for the allowance of costs to the prevailing party. A party to whom costs are awarded is entitled to include "legal fees of witnesses." N.J.S.A. 22A:2-8. In that regard, R. 4:42-8(c) states that "[a] party entitled to taxed costs shall file with the clerk of the court an affidavit stating that the disbursements taxable by law and therein set forth have been *203 necessarily incurred and are reasonable in amount...." The Rule further provides that "[i]f [such disbursements were] incurred for the attendance of witnesses, [the bill of costs] shall state the number of days of actual attendance and the distance traveled, if mileage is charged." In a similar vein, N.J.S.A. 22A:2-8 permits a party to whom costs are awarded to "include in his bill of costs his necessary disbursements ... [for] [t]he legal fees of witnesses, including mileage for each attendance...." N.J.S.A. 22A:1-4 sets forth the applicable attendance fees and mileage rates.[5]
We are convinced that the statutory reference to "legal fees" in N.J.S.A. 22A:2-8 demonstrates a legislative intention to confine witness fees included in the costs to stated fees and that the "disbursements taxable by law ... incurred for the attendance of witnesses" referred to in R. 4:42-8(c) relate to the fees and mileage rates set forth in N.J.S.A. 22A:1-4. We are not unaware of the fact that our Supreme Court in In re Caruso, 18 N.J. 26 (1955) held that in "equity" cases, costs including expert witness fees may be allowed in the exercise of the trial judge's sound discretion, but we observe that that case also pointed out that costs "have a statutory origin, directly or indirectly, being unknown to the common law." Id. at 38. Accord U.S. Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 355 (1962); Katz v. Farber, 4 N.J. 333, 338-340 (1950); Lehigh Valley R.R. Co. v. McFarland, 44 N.J.L. 674, 677 (E. & A. 1882); State, Brittin v. Blake, 36 N.J.L. 442, 443-444 (E. & A. 1872).
The question was most recently addressed by the Law Division in Bung's Bar & Grille, Inc. et al. v. Florence Tp. Council, 206 N.J. Super. 432, 478-486 (Law Div. 1985). There, the court held that expert witness fees were recoverable as *204 expert witness fees were recoverable as taxed costs in an action taxed costs in an action under the federal Civil Rights Act. Id. at 485. See Roberts v. S.S. Kyrikoula D. Lemos, 651 F.2d 201, 205-206 (3 Cir.1981); Northcross v. Board of Ed. of Memphis City Schools, supra, at 639; Wuori v. Concannon, 551 F. Supp. 185, 201 (D.Me. 1982). Citing In re Caruso, supra, the court noted that although the action had been instituted in the Law Division, the matter involved essentially "equitable principles." Id. at 481.
We have no occasion here to determine whether Bung's Bar & Grille Inc. et al., supra, was correctly decided.[6] We merely note that an action to recover PIP benefits is properly characterized as statutory. See Manetti v. Prudential Property & Cas. Ins. Co., 196 N.J. Super. 317, 320-321 (App.Div. 1984).
In the absence of a specific statute authorizing recovery of expert witness fees as taxed costs (over and above the statutory rates provided by N.J.S.A. 22A:1-4), we discern no sound basis to award such expenses. See Henkel v. Chicago, St. Paul, Minn. & Omaha Ry., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); Illinois v. Sangamo Const. Co., 657 F.2d 855, 859 (7 Cir.1981); Berkey Photo, Inc. v. Eastman Kodak Co., 603 F. 2d 263, 309 n. 75 (2 Cir.1979), cert. den. 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 81 (2 Cir.1971), rev'd on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); see also U.S. Industries, Inc. v. Norton Co., 578 F. Supp. 1561, 1568 (N.D.N.Y. 1984) aff'd 714 F.2d 119 (2 Cir.1982); Huebschen v. Dept. of Health and Soc. Serv., 547 F. Supp. 1168, 1190 (W.D.Wis. 1982) rev'd on other grounds 716 F.2d 1167 (7 Cir.1983); Vecchione v. *205 Wohlgemuth, 481 F. Supp. 776, 789-799 (E.D.Pa. 1979); CTS Corp. v. Electro Materials Corp., 476 F. Supp. 144, 145 (S.D.N.Y. 1979).
Accordingly, we affirm the trial judge's order awarding $1,800 in counsel fees and rejecting plaintiff's claim for reimbursement of expert witness expenses.
NOTES
[1] It is undisputed that plaintiff received $18,479.96 in PIP benefits prior to trial.
[2] We note the continuing controversy pertaining to whether counsel fees may be recovered in a direct suit by an insured against his insurer. See Vesley v. Cambridge Mut. Fire Ins. Co., 189 N.J. Super. 521 (App.Div. 1981), aff'd by an equally divided court, 93 N.J. 323 (1983); Karl v. N.Y. Life Ins. Co., 154 N.J. Super. 182 (App.Div. 1977). But see Maros v. Transamerica Ins. Co., 76 N.J. 572 (1978); Cirelli v. The Ohio Cas. Ins. Co., 72 N.J. 380 (1977); Stewart by Stewart v. Allstate Ins. Co., 200 N.J. Super. 350 (App.Div. 1985). The issue is not directly before us since defendant did not file a cross-appeal.
[3] We do not regard expert witness fees as part of the attorney's out-of-pocket expenses. It has been stated that the authority to grant attorney's fees includes the power to grant "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." Northcross v. Board of Ed. of Memphis City Schools, 611 F.2d 624, 639 (6 Cir.1979) cert. den. 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). These include "[r]easonable photocopying, paralegal expenses, and travel and telephone costs...." Ibid. As a general rule, witness expenses have been held not to fall within that category. Ibid. But see Ramos v. Lamm, 713 F.2d 546, 559 (10 Cir.1983).
[4] N.J.S.A. 39:6A-34, which became effective after the complaint was filed in this case, provides that a party having filed for a trial de novo following an arbitration decision "shall be assessed court costs and other reasonable costs of the other party to the judicial proceeding, including attorney's fees, investigation expenses and expenses for expert or other testimony or evidence...." Plaintiff does not contend that the amended statute is applicable. By its very terms, it applies only to de novo trials following arbitration decisions.
[5] The fees are negligible. A witness is entitled to two dollars "per day of attendance." If the witness travels from a foreign county he also is to receive an allowance of two dollars for every 30 miles.
[6] Different considerations might well apply to actions instituted under the federal Civil Rights Act. Generally, there is little or no financial incentive to bring such suits. The Awards Act (42 U.S.C.A. § 1988) was, thus, designed to insure enforcement and vindication of civil rights by citizens who would be reluctant or unable to institute legal proceedings unless fees were recoverable. See S.Rep.No. 1011, 94th Cong., 2d Sess. reprinted in 1976 U.S.Code Cong. & Ad. News 5908, 5910.