273 N.J. Super. 165 (1994)
641 A.2d 554
NANCY SOTOMAYOR, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1994.
Decided May 9, 1994.
Opinion on Motion for Reconsideration June 3, 1994.
*166 Before Judges BRODY, STERN and KEEFE.
Nusbaum, Stein, Goldstein & Bronstein, attorneys for plaintiff-appellant (Lewis Stein on the brief and reply brief).
Leary, Bride, Tinker & Moran, attorneys for defendant-respondent (Mark J. Brancato and Arnold F. Mascali on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Following a non-jury trial, defendant was ordered to pay plaintiff $3,769.73 for medical services provided to her in 1990 and 1991, together with interest in the amount of $470. The trial judge also awarded plaintiff $4,525 in counsel fees and an additional amount for disbursements. After initially concluding that plaintiff was also entitled to $2,050 for reimbursement of expert witness fees, the trial court ultimately concluded that the expert witness fees were nonreimbursable and entered judgment accordingly. Plaintiff appeals from that portion of the judgment denying reimbursement for expert witness fees, and defendant cross appeals from that portion of the judgment denying its application for dismissal because of the statute of limitations.
*167 Plaintiff was involved in an automobile accident in January 1988. She underwent treatment on a regular basis for several months and continued to see Dr. Arthur H. Tiger, an orthopedist, regularly until the end of the year when he concluded that no additional treatment would be beneficial at that time. Dr. Tiger also sent plaintiff to Dr. Michael G. Neuwirth at the Hospital for Joint Diseases in New York, who saw her in November 1988 and concluded that she suffered "a chronic, persistent mechanical cervical and upper back derangement" and recommended "an intensive exercise program." No surgery was recommended and Dr. Tiger joined in the recommendation for "an intensive exercise program." Plaintiff then commenced such a program.
In light of an examination conducted by defendant's expert, defendant sent plaintiff a "cutoff letter" on December 28, 1988 advising that it would no longer make "voluntary no fault payments," effective December 31, 1988. The last medical bill paid by defendant on behalf of plaintiff was on February 23, 1989 for treatment rendered by Dr. Tiger from May 17, 1988 to June 21, 1988.
Plaintiff returned to Dr. Tiger in May 1990 because of pain. A Magnetic Resonance Imaging test taken on May 3, 1990 revealed that the cervical spine was "normal." However, Dr. Tiger attributed plaintiff's neck and back pain to "the motor vehicle accident of January 15th, 1988." Plaintiff was also treated for pain between May and September 1990 by Dr. Yeh Bin Wu, an acupuncturist, who diagnosed a "cervical radiculopathy." Dr. Tiger continued to treat plaintiff periodically in 1990 and 1991. A CAT scan and myelogram were taken in 1991 after which Dr. Tiger told plaintiff "there was nothing definitive that [he] could do." His diagnosis was a "chronic persistent cervical derangement with a probable cervical radiculopathy." Bills submitted to the PIP carrier for 1990 medical services were not paid in light of the "cut off" letter.
On September 16, 1991, plaintiff filed this complaint seeking medical expenses, lost income, counsel fees and costs. Defendant *168 asserted a "statute of limitations" defense on the ground that the cause of action "did not accrue at any time within two years last before the commencement of this action...."
The trial judge rejected the statute of limitations defense in light of Dr. Tiger's "permanency opinion" and because "the carrier ... could surely know of a probable reoccurrence" of medical treatment. Accordingly, the judge awarded medical expenses. In an oral opinion on a post-judgment application, the judge reiterated his conclusions, found "no reasonable basis for the cut off of benefits," and therefore granted plaintiff's motion for counsel fees and interest. The judge, however, concluded that the application for medical expert witness fees had to be denied under Velli v. Rutgers Cas. Ins. Co., 257 N.J. Super. 308, 608 A.2d 431 (App.Div.), certif. denied 130 N.J. 597, 617 A.2d 1220 (1992), and Helton v. Prudential Property and Cas. Ins. Co., 205 N.J. Super. 196, 500 A.2d 717 (App.Div. 1985).
We need not reconsider Velli and Helton, which concluded that successful claimants for PIP benefits are not entitled to recover medical expert witness fees (Velli, supra, 257 N.J. Super. at 310-13, 608 A.2d 431); Helton, supra, 205 N.J. Super. at 201-04, 500 A.2d 717), in light of our disposition on the cross appeal regarding the statute of limitations.[1]
N.J.S.A. 39:6A-13.1(a) provides:
Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits. (Emphasis added; footnote omitted.)
*169 Literally, the statute requires commencement of suit within two years of the date of the last payment of PIP benefits.[2]
In Zupo v. CNA Ins. Co., 98 N.J. 30, 483 A.2d 811 (1984), the Supreme Court
adopted the principle that when an automobile liability-insurance carrier has made payments of personal injury protection (PIP) benefits in connection with a compensable injury and is chargeable with knowledge at the time of its last payment that the injury will probably require additional treatment in the future, then the "two years after payment" provision of N.J.S.A. 39:6A-13.1 will not bar an action brought within a reasonable time after rejection of a prompt claim for payment of additional medical expenses for such treatment.
[Rahnefeld v. Security Ins. Co. of Hartford, 115 N.J. 628, 629-30, 560 A.2d 670 (1989).]
The Court, however, applied its ruling to "a severely limited class of causally-related medical conditions, namely, those whose insidious nature is such that their recurrence after an extended period of apparent cure is probable." Id. at 630, 560 A.2d 670, quoting Zupo, supra, 98 N.J. at 33, 483 A.2d 811.
Recovery was allowed in Rahnefeld where the subject treatment was commenced more than five years after the last payment of PIP benefits, see 115 N.J. at 630-31, 560 A.2d 670, and involved a medical condition which by its nature indicated the probability of future medical treatment by the time of the last PIP payment. In Zupo, the carrier paid expenses from the time of the accident in July 1973 until the termination of active treatment in May 1975. Zupo, supra, 98 N.J. at 33, 483 A.2d 811. The plaintiff had *170 developed an osteomyelitic infection and suffered a recurrence of osteomyelitis approximately five-and-a-half years after the last PIP payment requiring hospitalization in 1981. Id. at 34, 483 A.2d 811 (Garibaldi, J., dissenting). Hence, the last payment of PIP benefits was made five or more years before the treatment for which reimbursement was sought. See also Zupo v. CNA Insurance Co., 193 N.J. Super. 374, 377-79, 474 A.2d 259 (App.Div. 1984).[3] Similarly, in Lind v. Ins. Co. of North America, 174 N.J. Super. 363, 416 A.2d 922 (Law Div. 1980), aff'd o.b. 193 N.J. Super. 303, 473 A.2d 981 (App.Div. 1983), expressly approved by the Supreme Court by its adoption of the Appellate Division opinion in Zupo (see Rahnefeld, supra, 115 N.J. at 636, 560 A.2d 670), plaintiff suffered fractures in a 1974 accident and underwent active treatment until 1975 for which PIP benefits were paid. The Lind court allowed recovery there for 1978 services which did not occur until more than two years after the termination of active treatment. See Lind supra, 174 N.J. Super. at 367-68, 416 A.2d 922. See also Rahnefeld, supra, 115 N.J. at 634, 560 A.2d 670.
It is now clear that the strict wording of the statute of limitations does not apply where PIP benefits had been paid and the insured underwent additional necessary treatment more than two years later for "an original medical condition for which the carrier has assumed a payment obligation" and the condition caused by the accident was "subject to the probability of a need for future treatment." Rahnefeld, supra, 115 N.J. at 637, 560 A.2d 670. But here the expenses which were the subject of the trial and the recovery were rendered in 1990 as well as 1991.[4] This is not a case where the recurrence or the medical condition related to the *171 accident requiring treatment arose only after the running of the two year statute of limitations. Accordingly, in the absence of continuing payments by the PIP carrier, and knowing the existence of the expenses and the claims, plaintiff was obligated to have filed her action for further benefits within the two year period following the last payment of benefits or, if the claims only arose and were timely submitted at the end of that period, within a reasonable period thereafter. Having not done so, plaintiff is barred from recovering for the continuing treatment occurring both within and beyond the two year period following the last PIP payment.
An insured cannot sit back and wait any period of time to bring an action for incurred medical expenses merely because there was a probability of a recurrence or the need for related treatment. As we read Zupo and Rahnefeld, the exception to the statutory limitation applies only where the plaintiff had no expenses in the two years following the last payment and, therefore, could not have filed a timely action under the statute.
Insofar as the judgment permits recovery for the plaintiff, it is reversed. No costs.
NOTES
[1] Plaintiff asks us to adopt the dictum in Kowaleski v. Allstate Ins. Co., 238 N.J. Super. 210, 218 n. 4, 569 A.2d 815 (App.Div. 1990).
[2] In her brief filed on the cross-appeal, plaintiff argued only that "the statute of limitations is inapplicable to the case at bar as the defendant carrier was aware that plaintiff's injuries were, by their nature, subject to the probability of need for future treatment." On plaintiff's motion for reconsideration before us new issues were raised under N.J.S.A. 39:6A-13.1(a) which were not developed before the trial judge nor advanced in the original briefs on the appeal. Specifically, plaintiff now contends that the complaint was filed less than four years after the accident and less than two years after incurring the expenses for which she seeks reimbursement. In light of the record developed before the trial judge and the only issue raised in the initial briefs, we decline to consider the arguments advanced on plaintiff's motion for reconsideration. But see, e.g., Still v. Ohio Cas. Ins. Co., 189 N.J. Super. 231, 459 A.2d 1195 (App.Div. 1983), where the complaint was time barred because it was filed more than two years after the last PIP payment.
[3] Zupo was struck by an automobile in 1973. CNA paid all her medical expenses through her last hospitalization in 1975. In November 1980 Ms. Zupo suffered a recurrence of her osteomyelitis and returned for additional treatment by an orthopedic surgeon. The claims involved in her case dealt with treatment occurring more than five years following the payment of her last PIP benefits.
[4] The judgment refers to one expense for Imaging Associates in May 1992, but based on what is before us it appears the year may be a mistake.