295 N.J. Super. 368 (1996)
685 A.2d 57
EBBY WASHINGTON, PLAINTIFF-APPELLANT,
v.
MARKET TRANSITION FACILITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1996.
Decided December 3, 1996.
*369 Before Judges PRESSLER, STERN and HUMPHREYS.
Alan L. Krumholtz argued the cause for appellant.
John J. Abromitis argued the cause for respondent (Lunga, Evers & Johnson, attorneys).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This controversy requires us once again to address the statute of limitations prescribed by N.J.S.A. 39:6A-13.1 for the commencement of an action against an automobile insurer for payment of personal injury protection (PIP) benefits. The precise issue before us is when does the statute begin to run where the insurer makes a voluntary partial payment of medical expenses. We reject the insurer's contention where later expenses are voluntarily paid that the controlling date is the date on which the insured's oldest uncompensated expense was incurred. We hold, rather, that the triggering event is the last payment actually made. Accordingly, we reverse the summary judgment entered in favor of defendant dismissing the complaint.
The relevant facts are simple and undisputed. Plaintiff sustained soft-tissue injuries on January 23, 1993, when the automobile in which she was a passenger was struck by another vehicle. Not owning an automobile herself, and having no other source of PIP benefits, plaintiff made claim against her driver's insurer, Market Transition Facility, and HCM Insurance, its servicing carrier. Plaintiff received emergency room care immediately following the accident at St. Francis Hospital for which she was billed $408.74. She also began treating with Dr. Arthur Taubman and Hudson Physical Therapy Services, and incurred a bill from Jersey City Imaging in the amount of $950.00. Insofar as we can determine from this record, the insurer never paid the bills of St. Francis Hospital or Jersey City Imaging. It did, however, make partial payments from time to time to Dr. Taubman and Hudson Physical Therapy. The last payments to each were made on *370 August 9, 1993, leaving a balance due to Dr. Taubman of $1,529.20 and a balance due to Hudson Physical Therapy of $4,111.00. The insurer having refused to make any additional payments, plaintiff commenced this action to recover them on June 20, 1995, less than two years after the last payment.[1]
Defendant moved for summary judgment dismissing the complaint on statute-of-limitation grounds, taking the position that the two years permitted by N.J.S.A. 39:6A-13.1 started to run on January 23, 1993, the date on which plaintiff incurred the unpaid bill for emergency room treatment and began to treat, on a partial payment basis, with Dr. Taubman and Hudson Physical Therapy. The trial judge rejected plaintiff's argument that since August 9, 1993, was the date of last payment, she had two years from that date in which to bring suit. The trial court reasoned as follows:
Under the statute, 39:6A-13.1, which addresses the statute of limitations for PIP claims, a suit is timely filed if brought within two years of an incurred expense or loss, and within four years of the accident. The action must be commenced within two years after the first unpaid expense has been incurred, provided that the action is started within four years.
This is the statute of limitation regardless of the date of the last reimbursement. The issue of last reimbursement becomes important only after the initial four-year period from the date of accident has expired. At that point, one looks to the date of last payment to extend the statute before four years. In reaching this determination, the Court has relied upon the decision in Bell v. Western [Employer's Ins. Co., 173 N.J. Super. 60, 413 A.2d 363 (App.Div. 1980)].
The trial judge's error derived from a confusion between the basic limitations period provided for by the statute and its extension where payments have been made. N.J.S.A. 39:6A-13.1a provides as follows:
Every action for the payment of benefits set forth in sections 4 and 10 of this act, [Sections 39:6A-4 and 39:6A-10] except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not *371 later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits.
As we made clear in Zupo v. CNA Ins. Co., 193 N.J. Super. 374, 379-380, 474 A.2d 259 (App.Div. 1984), affirmed o.b. as modified, 98 N.J. 30, 483 A.2d 811 (1984), the statute thus addresses two fundamental and distinct situations  that in which payments have not been made at all, and that in which at least some voluntary payments have been made. In the first situation, the statute prescribes an alternative method of calculation. First, the action for PIP benefits must be brought within two years following the plaintiff's first suffering a loss or incurring an expense that the plaintiff knows or is chargeable with knowing was caused by the accident. The statute also has a limited discovery extender for a maximum period of four years from the date of the accident if the plaintiff's knowledge or constructive knowledge is not imputable within the two-year period; but even when this extension period applies, the plaintiff must act within two years of the date of acquiring the requisite knowledge. If no action is brought within the four-year period, plaintiff is ordinarily absolutely foreclosed even if not earlier foreclosed by reason of not having acted within an earlier-expired two-year period measured from the date of knowledge. See generally Ochs v. Federal Ins. Co., 90 N.J. 108, 447 A.2d 163 (1982).
The second situation provided for by the statute is that in which some payment has been made. In that case, the statute permits the action to be brought "not later than 2 years after the last payment of benefits." The statute imposes no time limits on the commencement of the action related to the date of its occurrence or plaintiff's knowledge that the injury or loss was caused thereby. The only relevant time period is the date of the last payment, be that date five or ten or twenty years after the accident. Thus, as we explained in Zupo, supra, 193 N.J. Super. at 380, 474 A.2d 259, "the fact of payment has the capacity of taking the claim out of the basic two-year/four-year limitation of the statute altogether."
*372 The statute places no qualification on the condition of "last payment of benefits." A plain, literal and common-sense reading of the statute can only mean the last time any payment was made on account of the injuries sustained in the accident. We are also satisfied that a plain-meaning reading of the statute accords with legislative policy in enacting no-fault legislation, namely, the assurance of prompt and complete medical-expense payment to persons injured in automobile accidents. We think it obvious that that policy would be frustrated were carriers free, by their unilateral actions, to control the date of the running of the statute of limitations by failing to make complete payment of the earliest incurred expense and paying later expenses. We are also persuaded that the Legislature did not intend that injured persons receiving ongoing treatment would have to sue their carriers while treatment was still being rendered and the carrier was still making payments to health-care providers, albeit only partial payments. In short, the no-fault legislation is remedial and, hence, entitled to liberal construction. See Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90, 424 A.2d 1179 (1981).
The only counter-indication to what we regard as the plainly stated mandate of the statute that the limitations period is to be extended for a period of two years following the last payment is out-of-context dictum of the court in Bell v. Western Employer's Ins. Co., 173 N.J. Super. 60, 413 A.2d 363 (App.Div. 1980). In Bell, the plaintiff was injured in an automobile accident on June 12, 1975. Medical and dental payments were made by the PIP carrier until January 7, 1976. In December 1977, plaintiff began to receive treatment for other dental injuries she then attributed to the accident. The carrier refused payment of the additional dental treatment and plaintiff commenced her action to recover them on June 13, 1978. The carrier successfully moved for summary judgment on statute-of-limitation grounds and we reversed, holding that the statute did not begin to run until the new treatment was commenced in December 1977.
*373 Bell was decided before the Supreme Court's opinion in Ochs, supra, 90 N.J. 108, 447 A.2d 163, and hence at a time when the courts were still struggling to interpret the ambiguities in the two-year/four-year formulation of N.J.S.A. 39:6A-13.1, and more particularly, to resolve the question of whether the operative phrase "suffers a loss or incurs an expense" was intended to mean the first loss or expense or whether it meant that the statute of limitations began to run anew after each separate expense was incurred. It was in this regard that we said:
We think that the loss or expense referred to in N.J.S.A. 39:6A-13.1(a) is the loss or expense for which recovery is sought in the action unless there had been a prior uncompensated expense attributable to the accident, in which event the loss or expense within N.J.S.A. 39:6A-13.1(a), would be the oldest uncompensated expense.
[Bell, supra, 173 N.J. Super. at 63, 413 A.2d 363.]
In sum, we used the phrase "oldest uncompensated expense," to which defendant now ascribes such significance, in attempting to parse the two-year/four-year limitation, and not in construing the meaning of the last-payment proviso. We concluded that while ordinarily the two-year period of the basic formulation is triggered by the incurring of the first expense, that rule did not fairly apply to the Bell plaintiff because, her original expenses having all been paid, "[s]he had no reason to bring any action" before the second round of treatment began. Id. at 64, 413 A.2d 363.
In retrospect, the rationale of Bell may not be free from flaw. It seems to us that a more appropriate underpinning for the result we there reached was the fact that the injury being treated in the second round of dental care was not earlier known to plaintiff and hence, came within the four-year alternative of the basic formulation, making the prior-payment proviso essentially irrelevant. We think it clear that the prior-payment proviso alone could not by itself have saved the day for the Bell plaintiff since the last prior payment had been made more than two years before suit. Compare Sotomayor v. Allstate Ins. Co., 273 N.J. Super. 165, 641 A.2d 554 (App.Div. 1994), in which we applied the statute of limitations bar where the last prior payment had been made more than two years before suit, expressly leaving open the question of whether *374 the four-year alternative was available to plaintiff because the second round of treatment was for a new series of symptoms. In any event, the point we make is that Bell did not construe the prior-payment extension of the limitations period as running from the date of the first unpaid or partially paid expense, and we see absolutely no reason to do so now. The statute says "last payment." That is a clear and unambiguous standard.
In Ochs, supra, 90 N.J. at 112 n. 1, 447 A.2d 163, the Supreme Court, citing Bell, made clear that it was not there dealing "with the question of the appropriate starting date of the period of limitations where there has been voluntary compensation for previous medical expenses." To the extent that question may still be regarded as open, we hold that this limitations period is triggered by the last payment made by the carrier on account of the injuries sustained in the original accident.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] It has been represented to us that the claim of Hudson Physical Therapy has been severed for a consolidated arbitration, and is no longer part of this action. We think it plain, however, that our holding respecting the statute of limitations will bind defendants in that arbitration proceeding.