of the date the deposit was made. The Authority confesses error on this point.

Accordingly, we remand the matter to the Law Division for modification of the judgment. So modified, the judgment is affirmed.

722 A.2d 955

ROSA APONTE–CORREA, FORMERLY KNOWN AS ROSA APONTE, PLAINTIFF–APPELLANT, v. ALLSTATE INSURANCE COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 10, 1998—Decided January 15, 1999.

Before Judges PRESSLER, BROCHIN and STEINBERG.

*Radano & Lide,* attorneys for appellant (*Melville D. Lide,* on the brief).

*Green, Lundgren & Ryan,* attorneys for respondent (*David A. Grabowski,* on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Plaintiff Rosa Aponte–Correa sued defendant Allstate Insurance Company for PIP benefits. Summary judgment was granted dismissing her complaint on the ground that it was barred by the applicable statute of limitations, *N.J.S.A.* 39:6A–13.1a. We reverse.

*N.J.S.A.* 39:6A–13.1a consists of two parts, a proviso and the language that precedes it. To facilitate our discussion of the statute, we will refer to the language that precedes the proviso as the "first part" of the statute, and the language of the proviso as the "second part."[1] The first part of the statute states:

---

[1] *N.J.S.A.* 39:6A–13.1a was amended by *L.* 1998, *c.* 21 § 18. The modifications of this section are of no substantive significance.

> Every action for the payment of [PIP] benefits ... shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident[,] whichever is earlier,

The second part states:

> provided, however, that if benefits have been paid before then[,] an action for further benefits may be commenced not later than 2 years after the last payment of benefits.

Plaintiff was injured in an automobile accident on November 22, 1992. She filed a claim, and defendant paid her bills for medical services. It made its last payment to plaintiff on December 28, 1993. The first medical services for which defendant refused to pay were provided to plaintiff on July 10, 1995. Plaintiff filed her complaint on July 24, 1996.

Plaintiff argues that her suit was filed within time because, "Where no-fault benefits have been paid, a suit for further no-fault benefits is timely if brought within four years of the date of the accident, and within two years after the oldest uncompensated expense is incurred." As to the first of these conditions for maintaining an action, it is undisputed that plaintiff's suit was commenced within four years after the date of her accident. The are two other implied premises of plaintiff's argument, both of which are contested. These are, first, that the statutory requirement to commence a PIP suit within "2 years after the injured person ... incurs an expense" means within two years after the injured person has first incurred an *uncompensated* expense for medical treatment necessitated by the accident; and, secondly, that commencing the suit within four years after the accident and within two years after the first uncompensated expense makes the suit timely, even if the insurer has paid benefits and the suit, although for "further benefits," was instituted more than "2 years after the last payment of benefits," as required by the second part of the statute.

Defendant contends that the suit is barred by operation of the second part of the statute because it was commenced more than two years after the last payment of benefits to plaintiff on

December 28, 1993. In other words, defendant reads the statute to mean that, if benefits have been paid prior to suit, an action for additional benefits must satisfy the timeliness criteria of the second part of the statute in order to proceed, regardless of whether or not it satisfies the timeliness criteria of the first part.

*Bell v. Western Employer's Ins. Co.,* 173 *N.J.Super.* 60, 64, 413 *A.*2d 363 (App.Div.1980), supports plaintiff's position. The *Bell* plaintiff was injured in an automobile accident on June 12, 1975. The defendant insurer paid her PIP benefits until January 7, 1976. But it refused to pay for necessary dental care which she received from December 1977 to August 21, 1978. The plaintiff commenced her suit on June 13, 1978.

Our opinion does not state specifically when the *Bell* plaintiff incurred her first expense, but it was necessarily a date prior to January 7, 1976, when the insurer made its *last* payment. Consequently, it is clear that although the suit was commenced within four years after the accident and within two years after the plaintiff incurred her first *uncompensated* expense, it was commenced more than two years after she incurred her first *compensated* expense and more than two years after the insurer's last payment.

If the two-year period of limitations established by the first part of *N.J.S.A.* 39:6A–13.1a were measured from the plaintiff's *first* expense, the suit commenced June 13, 1978 would have been untimely because it would not have complied with the requirement of either the first or the second part of the statute. In fact, plaintiff undoubtedly incurred her first medical expense on or shortly after June 12, 1975, the date of the accident. If that expense, although compensated by the insurer, triggered the running of the period of limitations established by the first part of the statute, the *Bell* plaintiff's suit would have been barred even before December 1977, the date when she first incurred a medical expense for which the insurer refused to pay. It would be grossly unfair to interpret a statute of limitations to bar a suit because it was not commenced before the potential plaintiff had anything to

sue about. Because we did "not think that the Legislature, in *N.J.S.A.* 39:6A–13.1, was concerned with barring actions for claims voluntarily paid," *Bell, supra,* 173 *N.J.Super.* at 64, 413 *A.*2d 363, we held that the *Bell* action was timely because it had been commenced not later than two years after the plaintiff incurred her first *uncompensated* expense caused by the accident. That ruling supports plaintiff's argument in the present case that she is entitled to maintain her suit because she commenced it within two years after she incurred her first uncompensated medical expense resulting from the accident.

We also determined in *Bell* that even though an insurer had paid benefits, the period within which suit could be commenced was not defined exclusively by the second part of the statute. Otherwise, we would have had to affirm the dismissal of the action because, as we have noted, it was commenced more than two years after the last payment of benefits by the insurer. We held that an insured claiming PIP benefits could maintain her suit if it was timely according to the limitations criteria of either the first or the second part of the statute. We stated:

> The proviso in *N.J.S.A.* 39:6A–13.1 ... does not narrow plaintiff's rights under the statute. It is clear that the proviso was necessary, for without it the payment of benefits could not be enforced after four years following an accident since *N.J.S.A.* 39:6A–13.1 bars an action for recovery of benefits after the earlier of two years after the expense is incurred or four years after the accident. There is certainly no indication elsewhere in the No Fault Act that the Legislature intended to limit liability for benefits to a four-year period following an accident.
>
> [*Id.* at 64–65, 413 *A.*2d 363.]

In other words, the proviso permits suits to be brought which could not be maintained in its absence; it does not prohibit suits which, absent the proviso, the preceding language would permit. This holding supports the argument of plaintiff in the present case that her action is timely, even though its commencement date does not satisfy the criteria of the second part of the statute. If *Bell* is still good law, plaintiff's complaint should therefore not have been dismissed.

In *Ochs v. Federal Ins. Co.,* 90 *N.J.* 108, 112–13, 447 *A.*2d 163 (1982), the Supreme Court held that the two-year period for

bringing suit established by the first part of *N.J.S.A.* 39:6A–13.1a should be measured from the date on which the insured sustained an injury or incurred the *first* expense for treatment of injuries resulting from the accident. Because the insurer in *Ochs* had not made any payment of PIP benefits, the Court expressly left open "the question of the appropriate starting date of the period of limitations where there has been voluntary compensation for previous medical expenses," *id.* at 112 n. 1, 447 *A.*2d 163, citing *Bell, supra,* 173 *N.J.Super.* 60, 413 *A.*2d 363. We interpret this citation of *Bell* as the Court's signal that it was cognizant we had considered the issue of the starting point of the two-year period after some compensation has been paid, but that it did not choose to express an opinion on that question. The validity of *Bell* is therefore unaffected by *Ochs.*

We again applied *N.J.S.A.* 39:6A–13.1a to a case in which the insurer had made voluntary PIP payments in *Sotomayor v. Allstate Ins. Co.,* 273 *N.J.Super.* 165, 641 *A.*2d 554 (App.Div.), *certif. denied,* 139 *N.J.* 184, 652 *A.*2d 173 (1994). The plaintiff in that case was injured in an automobile accident that occurred in January 1988. The defendant insurer made its last payment for plaintiff's medical treatment on February 23, 1989, after sending her a "cut-off" letter on December 28, 1988, advising her that it would not pay for any further treatment. Plaintiff received further medical treatment for injuries related to the accident beginning in May 1990, and she continued to receive treatment later in 1990 and in 1991. The insurer did not pay the bills submitted for that treatment. The plaintiff filed her complaint September 16, 1991.

To recapitulate, the *Sotomayor* plaintiff commenced her suit within four years after her accident, within two years after she incurred her first uncompensated expense, but more than two years after the insurer's last payment of benefits. The critical facts of *Sotomayor* are thus identical with those of *Bell.* However, even though the *Sotomayor* suit was commenced within four years after the accident and within two years after the earliest uncom-

pensated medical expense, the case holds that the plaintiff's suit was barred because it had not been commenced within two years after the insurer's last payment of benefits.

*Sotomayor*'s stated rationale for its holding is that the lapse of more than two years between the insurer's last payment and the plaintiff's commencement of suit was fatal to plaintiff's case because the facts before the court did not fall within the exception to *N.J.S.A.* 39:6A–13.1a which *Rahnefeld v. Security Ins. Co. of Hartford,* 115 *N.J.* 628, 560 *A.*2d 670 (1989), and *Zupo v. CNA Ins. Co.,* 193 *N.J.Super.* 374, 474 *A.*2d 259 (App.Div.), *aff'd o.b. as modified,* 98 *N.J.* 30, 483 *A.*2d 811 (1984), had created for conditions that the insurer knew or should have known would require treatment for a period longer than two years. In our view, however, *Rahnefeld* and *Zupo* are irrelevant to the *Sotomayor* case because in those cases, unlike *Sotomayor* or the present case, the date of commencement of suit did not comply with the requirements of either the first or second part of the statute.

*Sotomayor* does not cite *Bell.* It is contrary to *Bell,* and if we were to follow it, we would have to affirm the dismissal of plaintiff's suit in the present case.

In *Washington v. Market Transition Facility,* 295 *N.J.Super.* 368, 685 *A.*2d 57 (App.Div.1996), we again applied *N.J.S.A.* 39:6A–13.1a to a case in which the insurer had made voluntary payments of PIP benefits before suit. In that case, the plaintiff sustained the injuries for which she claimed PIP payments as the result of an automobile accident that occurred January 23, 1993. The insurer paid some PIP claims beginning some time after the date of the accident. It made its last payment August 9, 1993. However, it did not pay for emergency room expenses incurred January 23, 1993, and it did not pay part of the bills for services incurred between then and August 9, 1993. The plaintiff filed suit June 20, 1995, within four years of the accident and within two years after the insurer's last payment, but not within two years after the plaintiff's uncompensated expense for the emergency room services provided to the plaintiff on the date of the accident.

Misconstruing our language in *Bell,* the summary judgment court dismissed the complaint on the ground that the two-year period for bringing suit had begun to run on January 23, 1993, the date of the plaintiff's "oldest uncompensated expense," the emergency room services that the insurer had neglected to pay for. We reversed, explaining that in *Bell* we had:

> used the phrase "oldest uncompensated expense," to which defendant now ascribes such significance, in attempting to parse the two-year/four-year limitation, and not in construing the meaning of the last-payment proviso.
>
> [*Washington, supra,* 295 *N.J.Super.* at 373, 685 *A.*2d 57.]

In other words, "oldest uncompensated expense" was the construction which we placed on the two-year limitation provision of the first part of the statute, not on the two-year limitation provision found in the second part of the statute. We pointed out that in *Bell* we had concluded

> that while ordinarily the two-year period of the basic formulation is triggered by the incurring of the first expense, that rule did not fairly apply to the *Bell* plaintiff because, her original expenses having all been paid, "[s]he had no reason to bring any action" before the second round of treatment began.
>
> [*Ibid.*]

The holding of *Washington* is that the plaintiff's suit was timely filed because it was filed "not later than 2 years after the last payment of benefits," precisely what the second part of the statute requires. This holding and that of *Bell* are both consistent with the principle that a suit against an insurer for PIP benefits is timely if it meets the criteria of either the first or the second part of *N.J.S.A.* 39:6A–13.1a, i.e., if it is brought either within four years after the accident and within two years after the last uncompensated expense *or,* alternatively, within two years after the last payment by the insurer. *Bell* was timely because it complied with the requirements of the first part of the statute and *Washington* was timely because it complied with the requirements of the second part.

Referring to the statutory language that our present opinion has been calling the "second part of the statute," our opinion in *Washington* observed,

> We think it clear that the prior-payment proviso alone could not by itself have saved the day for the *Bell* plaintiff since the last prior payment had been made more than two years before suit.... In any event, the point we make is that *Bell* did not construe the prior-payment extension of the limitations period as running from the date of the first unpaid or partially paid expense, and we see absolutely no reason to do so now.
>
> [*Id.* at 373–74, 685 *A.*2d 57.]

We agree entirely with that reading of *Bell.* We reiterate, interpreting "expense" to refer to the first uncompensated expense was the gloss *Bell* put on the first part, not the second part of the statute.

Our *Washington* opinion then continued as follows:

> In *Ochs, supra,* 90 *N.J.* at 112 n. 1, 447 *A.*2d 163, the Supreme Court, citing *Bell,* made clear that it was not there dealing "with the question of the appropriate starting date of the period of limitations where there has been voluntary compensation for previous medical expenses." To the extent that question may still be regarded as open, we hold that *this limitations period* is triggered by the last payment made by the carrier on account of the injuries sustained in the original accident.
>
> [*Id.* at 374, 685 *A.*2d 57 (emphasis added).]

The phrase, "this limitations period," in the last quoted text refers only to the limitations period imposed by the second part of the statute. Our statement says that whenever "this limitations period" governs, the period begins to run from the date of "the last payment made by the carrier on account of the injuries sustained in the original accident." Our statement does not mean that in any case in which the insurer has made a voluntary payment of PIP benefits, the exclusive test of the timeliness of an action on a PIP claim is whether its commencement date satisfies the requirements of the second part of the statute. Rather, we held that if the first part of the statute is satisfied, there is no need to consider the second part at all; but if the first part is not satisfied and the second part governs, it is the date of the last payment by the insurer that controls.

We hold, as we did in *Bell,* that if an insurer has made payments on a PIP claim, an action for further benefits is timely if it complies with either the first part or the second part of *N.J.S.A.* 39:6A–13.1a; that is, if the action is commenced either (1) within

four years of the accident that caused the injury for which treatment is required and payment sought and, in addition, within two years after the injured person incurred his or her first uncompensated medical expense, or, (2) as an alternative, within two years after the insurer's last payment of PIP benefits. The statute of limitations is satisfied if the date of commencement of suit meets either of these two alternative tests. We are satisfied that this rule is consistent with the language and purpose of *N.J.S.A.* 39:6A–13.1 and with our prior holdings in *Bell v. Western Employer's Ins. Co., supra,* and *Washington v. Market Transition Facility, supra.* To the extent that our holding in the present case differs from *Sotomayor v. Allstate Ins. Co., supra,* we disagree with that case and decline to follow it.

Since plaintiff Aponte–Correa commenced her suit within four years after her accident and within two years after her earliest uncompensated expense, it is not barred by *N.J.S.A.* 39:6A–13.1, even though it was commenced more than two years after the last payment by defendant Allstate Insurance Company. We therefore reverse the judgment appealed from and remand the case for further proceedings not inconsistent with this opinion. Of course, we have not considered or decided any aspect of the case other than the period of limitations issue.