ALI, INC. (Successor-in-Interest
Crestmont Federal Savings
& Loan Association)

v.

GENERALI; General Star Indemnity
Company; and John Does 1–10.

Civil Action No. 96–1711 (NHP).

United States District Court.
D. New Jersey.

Feb. 6, 1997.

Anthony J. Pasquariello, Anthony J. Pasquariello & Associates, P.C., Clifton, NJ, for Plaintiff ALI, Inc.

Frederic Shauger, Emanuel N. Srebro, Livingston, NJ, for Defendant Generali.

Sanjoy Mukherjee, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, P.C., Short Hills, NJ, for Defendant General Star Indemnity Company.

POLITAN, District Judge.

This matter comes before the Court on the cross-motions for summary judgment of defendant General Star Indemnity Company and plaintiff ALI, Inc., pursuant to Federal Rule of Civil Procedure 56. Defendant Generali joins plaintiff in opposing defendant General Star's motion, and further moves for indemnification and contribution from defendant General Star. Oral argument was heard on January 27, 1997. For the reasons stated herein, plaintiff's motion as against defendant General Star is **DENIED WITH PREJUDICE,** and defendant General Star's motion is **GRANTED.**

## STATEMENT OF FACTS

This case arises out of the usual dispute over the denial of insurance coverage by an insurance company. Crestmont Federal Savings & Loan Association, to whom plaintiff is the successor-in-interest, obtained an insurance policy from defendant General Star. The policy insured real property, including 46–66 Oakwood Avenue, in Orange, New Jersey. The policy was effective from January 1, 1993, to January 1, 1994.

In the interim, the subject property was foreclosed upon and the court-appointed receiver, Alpert & Alpert, obtained an insurance policy for the property. Specifically, defendant Generali issued a policy effective from June 16, 1993, to June 16, 1994. Thereafter, on December 31, 1993, the property in question suffered water damage as a result of vandalism.

Consequently, on March 17, 1994, Crestmont notified defendant General Star of the loss. In addition, the receiver made a demand for payment from both insurance companies of $183,255.87. Defendant Generali paid $117,758.00, based on a pro rata adjustment on the belief that defendant General Star is a coinsurer. Defendant General Star submitted a letter to plaintiff on June 17, 1994, declining coverage.[1]

---

1. The text of the letter from General Star to Crestmont, dated June 17, 1994, stated:

    This acknowledges receipt of the above captioned theft claim, submitted under your policy of insurance with General Star Indemnity Company. General Star Management is handling the matter on behalf of General Star Indemnity Company.

    It is my understanding that the above insured loss location is afforded duplicate commercial property insurance coverage through Generali Insurance Company under the named insured Alpert & Alpert. Please refer to your policy of insurance, Form CF 00 13 (10/83) which reads in part:

    "SECTION X—OTHER PROVISIONS
    1. OTHER INSURANCE
      A. If at the time of loss there is other insurance written in the name of the insured upon the same plan, terms, conditions and provisions as contained in this policy, herein referred to as Contribution Insurance, this Com-

Over eighteen months later, on February 26, 1996, plaintiff filed a declaratory judgment action in the Superior Court of New Jersey, Law Division, Essex County. Pursuant to 28 U.S.C. § 1446(d), the case was removed to this Court. Defendants filed Answers and the present motions followed.

## DISCUSSION

### I. Can the Plaintiff Sue?

Defendant General Star asserts that plaintiff's claim is barred by the one-year suit limitations period contained in the insurance policy, as mandated by New Jersey law, N.J.S.A. 17:36–5.20. Both parties agree that the suit limitations period is valid and that the limitations period is tolled from the date the insured gives notice to the carrier until the date on which the insurer declines liability. *Peloso v. Hartford Fire Ins. Co.*, 56 N.J. 514, 521, 267 A.2d 498 (1970). The resolution of this motion, therefore, turns on whether the letter of defendant General Star, dated June 17, 1994, was an effective declination of coverage. The Court finds that it was.

The New Jersey Supreme Court in *Peloso* stated that an insured is required to institute suit twelve months from the date "when [the insured was] notified in writing that liability was denied." *Id.* The court did not elaborate as to what, if anything, the letter must contain. Plaintiff asserts that the New Jersey Supreme Court has mandated that the letter of declination include the reasons for the decision, a statement advising the insured to obtain an attorney, as well as notifying the insured of the limitations provision. *See Bowler v. Fidelity & Cas. Co. of N.Y.*, 53 N.J. 313, 328, 250 A.2d 580 (1969). Plaintiff relies on the court's statements in *Bowler*:

[The insurer] must notify the insured of its decision not to pay his claim. But mere naked rejection would not be sufficient. The giving of such notice should be accompanied by a full and fair statement of the reasons for its decision not to pay the benefits, and by a clear statement that if the insured wishes to enforce his claim it will be necessary for him to obtain the services of an attorney and institute a court action within the appropriate time. The "appropriate time" means the time remaining under the policy or the applicable statute of limits within which the suit must be brought.

*Id.*

■ This Court concludes that the above-quoted language of the *Bowler* court should not be applied literally. First, the language merely serves as *dicta* in the *Bowler* opinion because the court's decision relied on the fact that the insurance company breached its duty of good faith and fair dealing by failing to inform the insured of the interpretation of the law which required it to pay the insured. *Id.* at 328–30, 250 A.2d 580. It is obvious to this Court that the *Bowler* court was concerned with protecting laymen and was reacting to the specific facts in which an indigent and totally and permanently disabled insured was taken advantage of by a large insurance corporation. Second, the Court's research has failed to reveal any case subsequent to *Bowler* which enforces the requirement that the declination letter contain such explicit notification. *See, e.g., White v. Austin*, 172 N.J.Super. 451, 455, 412 A.2d 829 (D.C. Cape May County 1980) (holding that duty of automobile insurance carrier to respond to improper service of process is "comparable to, and no more burdensome than an insurer's duty to respond to the claims of its

pany shall be liable for no greater proportion of any loss than the amount of insurance under this policy bears to the whole amount of insurance covering such loss.

B. If at the time of loss there is other insurance other than that as described in A. above, this Company shall not be liable for any loss thereunder until:

(1) the Liability of such other insurance has been exhausted, and

(2) then for only such amount as may exceed the amount due from such other insurance whether collectible or not.

Based on the above policy provision, our policy coverage is not triggered as the liability of the Generali policy has not been exhausted. General Star can therefore make no payment on your behalf in relation to the damages sustained.

Should you have any further questions pertaining to this matter please feel free to contact me directly."

insureds by diligently investigating the facts and promptly notifying the claimant of any intent to disclaim liability and its reason for doing so"). Third, such a detailed and explicit declination letter is not required by statute. In fact, the most recent decision of the New Jersey Supreme Court on the issue merely states that the insurer must notify the insured "in writing that liability was denied." *Peloso*, 56 N.J. at 521, 267 A.2d 498. To the extent that *Bowler* and *Peloso* conflict, the New Jersey Supreme Court's most recent decision in *Peloso* is the controlling law applicable to this case.

Finally, the Court finds that, under these circumstances, it would be inequitable to require such a letter. The courts have interpreted the New Jersey statutes to permit the twelve-month statute of limitations to be tolled until the insurer provides notice of its decision not to provide coverage. The purpose of the tolling of the suit limitations period is to allow the insured a full twelve months to institute suit, once it is aware of the fact that the insurer will not pay the claim. The disclosures suggested by the court in *Bowler* go far beyond the purpose of the statute.

■ In the case *sub judice*, the Court finds that the letter by defendant General Star was a valid declination of coverage, thereby triggering the twelve-month suit limitations provision. Defendant General Star sent the letter on June 17, 1994; therefore, plaintiff was required to file suit by June 17, 1995. Plaintiff, however, did not initiate this action until February 26, 1996. Accordingly, plaintiff's claim is time barred.

■ As an alternative argument, plaintiff and defendant Generali assert that defendant General Star should be equitably estopped from asserting the suit limitations period because its denial of coverage was made in bad faith. The doctrine of equitable estoppel is commonly invoked when an insurer continues settlement negotiations in bad faith to permit the statute of limitations to expire. *See Haardt v. Farmer's Mut. Fire Ins. Co. of Salem County*, 796 F.Supp. 804, 807 (D.N.J. 1992); *Deluxe Sales & Serv., Inc. v. Hyundai Eng'g & Constr. Co., Ltd.*, 254 N.J.Super. 370, 378, 603 A.2d 552 (App.Div.1992). The

New Jersey Supreme Court, in *Bowler*, however, employed the equitable doctrine in a different circumstance. The Court stated:

[w]hen a loss occurs which because of its expertise the insurer knows or should know is within the coverage, and the dealing between the parties reasonably put the company on notice that the insured relies upon its integrity, fairness and honesty of purpose, and expects his rights to payment to be considered, the obligation to deal with him takes on the highest burden of good faith. In situations where a *layman* might give the controlling language of the policy a more restrictive interpretation than the insurer knows the courts have given it and as a result the *uninformed insured* might be inclined to be quiescent about the disregard or nonpayment of his claim and not to press it in timely fashion, the company cannot ignore its obligation. It cannot hide behind the insured's ignorance of the law; it cannot conceal its liability. In these circumstances it has the duty to speak and disclose, and to act in accordance with its contractual undertaking. The slightest evidence of deception or overreaching will bar reliance upon time limitations for prosecution of the claim.

*Bowler*, 53 N.J. at 327–28, 250 A.2d 580 (emphasis added) (citations omitted).

■ Defendant Generali asserts that defendant General Star disingenuously quoted the "Other Insurance" provision of its policy because it knew or should have known that it was a co-primary insurer. *See Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.*, 28 N.J. 554, 562–63, 147 A.2d 529 (1959) (holding that when two insurance policies cover the same property and both contain an "Other Insurance" clause, the clauses are mutually repugnant and the parties are rendered co-primary insurers); *Rogers v. Snappy Car Rental, Inc.*, 272 N.J.Super. 346, 358, 639 A.2d 1154 (Law Div.1993) (same). The *Bowler* court, however, made a distinction between when the insurer clearly knows payment is owed and when there is reasonable doubt as to the obligation to pay the claim. *Bowler*, 53 N.J. at 328, 250 A.2d 580. The court stated that where payment is *clearly* due under the policy, the insurer is required to pay. *Id.; ac-*

cord *Lind v. Insurance Co. of N. Am.*, 174 N.J.Super. 363, 369, 416 A.2d 922 (Law Div. 1980), *aff'd*, 193 N.J.Super. 303, 473 A.2d 981 (App.Div.1983). Failure of the insurer to make payment under these circumstances prevents the insurer from invoking the suit limitations provision. *Bowler*, 53 N.J. at 328, 250 A.2d 580. In contrast, if there is "reasonable doubt as to whether the evidence is sufficient to require payment," the insurer cannot be silent but must notify the insured of its decision to deny coverage. *Id.*

■ This case presents the facts to support the latter. While defendant Generali believes that the "Other Insurance" clauses contained in both policies render the insurers co-primary, defendant General Star believes that Generali's policy must be exhausted before its policy is triggered. This is a legal dispute which requires the intervention and expertise of the Court. Therefore, defendant General Star could not have known that plaintiff was *clearly* due monies under the policy. Accordingly, defendant General Star properly and timely notified plaintiff of its decision not to pay the claim. The Court finds, therefore, that defendant General Star should not be equitably estopped from asserting the suit limitations provision.

## II. Where Do We Go From Here?

Finally, plaintiff argues that if the Court finds that defendant General Star cannot be held liable for the loss, defendant Generali should be required to pay the balance of the claim. The Court, however, has not determined that General Star was not, at one time, liable for the claim. Rather, the Court concludes that plaintiff, through its own lack of due diligence, is time barred from pursuing its claim against defendant General Star. The following issues still remain: (1) whether plaintiff can maintain a cause of action against defendant Generali for the balance of the claim, *i.e.*, whether the "Other Insurance" provisions of the policies mandate that the two insurance companies be treated as co-primary insurers or whether the terms of the insurance policies mandate that a blanket policy is excessive to a more specific policy, and (2) whether defendant Generali may assert a cross-claim against defendant General Star for contribution or indemnification although plaintiff's claim is time barred. In light of the Court's decision regarding the suit limitations provision, these issues require more in-depth analysis by the parties.

## CONCLUSION

For the foregoing reasons, plaintiff's motion as against defendant General Star is **DENIED WITH PREJUDICE,** and defendant General Star's motion is **GRANTED.** The parties are instructed to brief the issues referenced above. The parties shall submit to the Court within ten days of this Opinion a mutually agreed upon briefing schedule, and refile the motions pursuant to Local Rule 12N.

An appropriate Order accompanies this Opinion.

## *ORDER*

**This matter** having come before the Court on the cross-motions for summary judgment of plaintiff ALI, Inc. and defendant General Star Indemnity Company, and the motion of defendant Generali for contribution or indemnification from defendant General Star, and the Court having heard oral argument on January 27, 1997, and having considered the matter including the submissions of the parties, and for the reasons appearing more particularly in the Letter Opinion of this Court in the above-captioned matter, and good cause having been shown,

**IT IS** on this 5th day of February, 1997, hereby

**ORDERED** that defendant General Star's motion for summary judgment against plaintiff is **GRANTED,** and it is further

**ORDERED** that plaintiff's motion for summary judgment against defendant General Star is **DENIED WITH PREJUDICE,** and it is further

**ORDERED** that plaintiff's motion for summary judgment against defendant Generali is **DENIED WITHOUT PREJUDICE,** and it is further

**ORDERED** that defendant Generali's motion for contribution or indemnification from

defendant General Star is **DENIED WITH-OUT PREJUDICE,** and it is further

**ORDERED** that the parties are directed to brief the issues referenced in the Letter Opinion of this Court in the above-captioned matter, and shall submit to the Court within ten days of this Order a mutually agreed upon briefing schedule pursuant to Local Rule 12N.