**ALI, INC. (successor-in-interest Crestmont Federal Savings & Loan Association), Plaintiff,**

v.

**GENERALI; General Star Indemnity Company; and John Does 1–10, Defendants.**

**Civil Action No. 96–1711 (NHP).**

United States District Court, D. New Jersey.

June 20, 1997.

---

Anthony J. Pasquariello, Anthony J. Pasquariello & Associates, Clifton, NJ, for Plaintiff.

Sanjoy Mukherjee, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, P.C., Short Hills, NJ, for Defendant General Star Indemnity Company.

Emanuel N. Srebro, Frederic Shauger, Frederic Shauger, Livingston, NJ, for Defendant Generali.

POLITAN, District Judge.

Dear Counsel:

This matter comes before the Court on various motions of the parties: (1) plaintiff ALI, Inc.'s ("ALI") motion for summary judgment against defendant Generali; (2) defendant Generali's cross-motion for summary judgment against plaintiff; and (3) defendant General Star Indemnity Company's ("General Star") motion for summary judgment against defendant Generali. Oral argument was heard on June 9, 1997. For the reasons stated herein, plaintiff's motion is **DENIED**, defendant Generali's motion is **GRANTED**, and defendant General Star's motion is **DENIED**.

## STATEMENT OF FACTS

The instant action concerns an insurance claim for damages to real property. The facts of this case have been set forth by the Court in a previous opinion. *See ALI, Inc. v. Generali, et al.*, 954 F.Supp. 118 (D.N.J. 1997). Because the facts are relevant to the Court's present findings, a brief recitation is again necessary.

Plaintiff ALI sought to recover insurance proceeds as successor-in-interest to Crestmont Federal Savings & Loan Association ("Crestmont"). Crestmont, the predecessor-in-interest to plaintiff, was the named insured in a fire insurance policy issued by defendant General Star. The policy insured numerous unnamed properties, including a commercial building located at 46–66 Oakwood Avenue in Orange, New Jersey.

While the General Star policy was still in effect, the subject property was foreclosed upon. Thereafter, the appointed receiver, Alpert & Alpert, obtained a separate insurance policy for the same property from defendant Generali. This policy enumerated the building at 46–66 Oakwood Avenue, as well as the amount of coverage.

On December 31, 1993, the subject property sustained water damage as a consequence of vandalism. Crestmont's insurance claim was denied by General Star on the basis that its coverage was excess to any primary coverage available to Crestmont. The receiver, Alpert & Alpert, also filed a claim for insurance proceeds with Generali. Generali adjusted the loss and paid Crestmont $117,758.11. This figure represented the *pro rata* share (70%) contemplated by the Generali policy where a loss is covered by other insurance. Defendant General Star submitted a letter to plaintiff, on June 17, 1994, declining coverage.

Consequently, on February 26, 1996, plaintiff filed an action against both defendants in the Superior Court of New Jersey, Law Division, Essex County, seeking to obtain the balance of the loss ($54,967.76). Pursuant to 28 U.S.C. § 1446(d), the case was removed to this Court. Thereafter, cross-motions for summary judgment were filed by defendant General Star and plaintiff, pursuant to Federal Rule of Civil Procedure 56. Defendant Generali joined plaintiff in opposing defendant General Star's motion, and further moved for indemnification and contribution from defendant General Star in the event Generali was held liable for the full amount of the loss. Oral argument was heard on January 27, 1997.

In a published opinion, dated February 6, 1997, the Court denied with prejudice plaintiff's motion as against defendant General Star, and granted defendant General Star's motion against plaintiff. *See Id.* The Court held that the one-year suit limitations provision in the General Star policy barred plaintiff's claim. *Id.* at 121. The Court, however, reserved judgment on whether plaintiff could still maintain a cause of action against Generali for the balance of the claim, and whether Generali could maintain a cross-claim for contribution and indemnification against General Star. *Id.* at 122. Upon Order of the Court, the parties briefed these issues and oral argument was heard on June 9, 1997.

## DISCUSSION

### I. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may only be granted if, drawing all inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3rd Cir.), *cert. dismissed,* 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, for which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. *Id.* Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356. Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of material facts.

### II. The Doctrine of Mutual Repugnance

While this case appears to be a straightforward insurance claim dispute, the facts once again require the Court to resolve a debated issue of law. Generali argues that summary judgment is proper against plaintiff because the two insurance policies provided concurrent coverage and, therefore, the "other insurance" clauses are rendered mutually repugnant. *See Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.,* 28 N.J. 554, 147 A.2d 529 (1959). ALI and General Star, on the other hand, maintain that the doctrine of mutual repugnance does not apply to the instant case because Generali's coverage was "primary," while General Star provided "excess" coverage. *See Pasker v. Harleysville Mut. Ins. Co.,* 192 N.J.Super. 133, 469 A.2d 41 (App.Div.1983). Accordingly, General Star contends that it should not be subject to liability for ALI's loss because the loss did not exceed the limits of the Generali policy. These arguments require the Court to examine, in detail, the facts and holdings of the *Cosmopolitan* decision and its progeny.

In *Cosmopolitan,* two insurance companies, relying on the "excess coverage" clauses in their respective policies, disclaimed primary coverage for an individual's personal injuries arising out of an automobile accident. *Cosmopolitan,* 28 N.J. at 556–57, 147 A.2d 529. The New Jersey Supreme Court recognized the absurdity of the result if both

clauses were given literal effect, *i.e.*, neither policy would cover the loss. *Id.* at 559, 147 A.2d 529. Therefore, the court held that, where two insurers both provide that they shall be "excess insurance," the two provisions cancel each other out under the doctrine of mutual repugnance. *Id.* at 562, 147 A.2d 529. Thus, the court concluded that, in such a case, the general coverage of each policy applies, and the loss is apportioned according to the express provisions of both policies. *Id.*

Subsequently, many years later, the New Jersey Superior Court, Appellate Division, addressed the same issue when one insurance company, who paid an insured for the entire loss on a building damaged by fire, sued another for contribution and indemnification. *Pasker*, 192 N.J.Super. at 135–36, 469 A.2d 41. Both insurance policies contained similar "other insurance" clauses. *Id.* at 135, 469 A.2d 41. The appellate court recognized that the Guiding Principles of Overlapping Insurance were adopted by the insurance industry after the New Jersey Supreme Court's decision in *Cosmopolitan*. *Id.* at 139, 469 A.2d 41. The *Pasker* court noted that these Guiding Principles made it possible to delineate between a general and specific insurer. *Id.* at 139–40, 469 A.2d 41. The court reasoned that, because both insurance companies were signatories to the Guiding Principles, there was no reason why they should not be referenced to resolve the dispute. *Id.* at 139–40, 469 A.2d 41. In conclusion, the *Pasker* court explicitly distinguished its case from *Cosmopolitan* "because the parties [were] signatories to the Guiding Principles...." *Id.* at 140–41, 469 A.2d 41.

Shortly thereafter, the United States Court of Appeals for the Third Circuit employed the Guiding Principles in a dispute between two insurance companies over coverage for the collapse of a masonry building. *Commercial Union Ins. Co. v. Bituminous Cas. Corp.*, 851 F.2d 98, 100, 102 (3d Cir. 1988). Both insurance policies contained "other insurance" clauses "purporting to offer coverage only in excess of other available insurance." *Id.* at 102. The Third Circuit recognized *Cosmopolitan* as good law and also acknowledged the appellate court's decision in *Pasker* to employ the Guiding Principles when the parties are signatories to them. *Id.* The *Commercial Union* Court, therefore, projected that the New Jersey Supreme Court would follow *Pasker* and apply the Guiding Principles to apportion such losses. *Id.*[1]

■ The dispute between the parties, in the case *sub judice*, is the expanse of the Third Circuit's interpretation of the appellate court's decision in *Pasker*. Plaintiff and defendant General Star argue that the Third Circuit employed a broad reading of *Pasker*, and predicted that the New Jersey Supreme Court would apply the Guiding Principles regardless of whether the parties were signatories to them. In contrast, defendant Generali contends that the Third Circuit merely predicted that the New Jersey Supreme Court would follow the *Pasker* court's decision to narrowly apply the Guiding Principles only when both parties were signatories. This Court agrees with the latter.

The Court finds that the doctrine of mutual repugnance is still the law of New Jersey, except where the two disputing insurance companies are signatories to the Guiding Principles. The Court's decision is guided by a number of factors. First, neither *Pasker* nor *Commercial Union* are in conflict with the New Jersey Supreme Court's decision in *Cosmopolitan*.[2] In fact, both courts

---

1. In addition, the Third Circuit posited that, when the Guiding Principles are applicable, they should be employed in the first instance to determine whether the "other insurance" clauses are actually incompatible, something the Court felt was unclear in *Pasker*. *Commercial Union*, 851 F.2d at 103. The *Commercial Union* Court stated that, to be considered incompatible, the insurance policies must purport to cover the same property and the same interest. *Id.* Accordingly, the Third Circuit remanded the matter to the district court to make such a determination. *Id.* at 104.

2. While the facts articulated by the Third Circuit do not specifically state that both insurance companies in that case were signatories to the Guiding Principles, the fact that the Court did not predict that the New Jersey Supreme Court would overrule *Cosmopolitan* is determinative of that issue. The Court, in stating that it "believe[d] that the Supreme Court of New Jersey would approve the use of these industry stan-

3281

**328**

acknowledged the rule of law set forth in *Cosmopolitan*. To hold that the Guiding Principles apply even when the insurance companies are not signatories to those standards would render *Cosmopolitan* null and void.[3] This does not appear to be the intent of either the appellate division or the Third Circuit. Second, New Jersey courts, subsequent to these decisions, continue to acknowledge *Cosmopolitan* and the doctrine of mutual repugnance. *See, e.g., Harrison v. Ford Motor Credit Co.*, 280 N.J.Super. 414, 417, 655 A.2d 931 (App.Div.1994); *Rogers v. Snappy Car Rental, Inc.*, 272 N.J.Super. 346, 353, 639 A.2d 1154 (Law Div.1993). *See also Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis.*, 635 F.Supp. 1397, 1399 (D.N.J.1986).

> dards in apportioning losses," *Cosmopolitan*, 28 N.J. at 102, 145 A.2d 297, was merely acknowledging that the rule pronounced by the appellate court's decision in *Pasker* had not yet been addressed by the higher court.

**3.** The Court notes the unreported opinion of another court in this District, which appears to be contrary to this Court's finding. *See Pittsfield Finance, Inc. v. Liberty Mutual Ins. Co.*, No. 91–377(CSF), 1991 WL 246986 (D.N.J. Nov.18, 1991). The *Pittsfield* court appears to have interpreted the *Pasker* court's decision as "reject[ing] the application of the doctrine of mutual repugnance...." *Id.* at *3. The court, in *Pasker*, however, explicitly stated that it was merely distinguishing the case from *Cosmopolitan* because the parties were signatories to the Guiding Principles. *See Pasker*, 192 N.J.Super. at 141, 469 A.2d 41. Also, the *Pittsfield* court seems to suggest that the Third Circuit, in *Commercial Union*, surmised that the New Jersey Supreme Court would overrule its previous decision in *Cosmopolitan*. *Pittsfield, supra*, at * 3. As stated above, this Court finds that the Third Circuit did not make such a predication, and, in fact, recognized *Cosmopolitan* as good law.

**4.** The General Star policy states:

> 1. OTHER INSURANCE:
> A. If at the time of the loss there is other insurance written in the name of the Insured upon the same plan, terms, conditions and provisions as contained in this policy, herein referred to as Contributing Insurance, this Company shall be liable for no greater proportion of any loss than the amount of insurance under this policy bears to the whole amount of insurance covering such loss.
> B. If at the time of loss there is other insurance other than that as described in A. above, this Company shall not be liable hereunder until:

In the present matter, both insurance policies contain substantially similar "other insurance" clauses, which attempt to provide only excess coverage.[4] Furthermore, both policies intended to insure the same risk, regardless of how the property was described.[5] *See Cosmopolitan*, 28 N.J. at 560–61, 147 A.2d 529 (holding that "[w]here the intent is clear, the fact that one of the insurers stated its intent more specifically than the other is not significant"). Moreover, both parties are not signatories to the Guiding Principles. Accordingly, the rule of law pronounced by the New Jersey Supreme Court, in *Cosmopolitan*, is determinative, and the "other insurance" clauses are mutually repugnant and a *pro rata* apportioning of the losses is appropriate.

> (1) the Liability of such other insurance has been exhausted, and
> (2) then for only such amount as may exceed the amount due from such other insurance whether collectible or not.

See Certification of Anthony J. Pasquariello (hereinafter "Pasquariello Cert."), Ex. A, Section X. In similar terms, the Generali policy provides:

> G. OTHER INSURANCE
> 1. You may have some other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.
> 2. If there is other insurance covering the same loss or damage, other than described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

See Certification of Emanuel N. Srebro (hereinafter "Srebro Cert."), Ex. B, Commercial Property Conditions. Thus, both policies profess to be liable only for excess coverage where the insured has other available insurance.

**5.** The Generali policy indicates coverage for the specific location of the subject property at 46–66 Oakwood Avenue. *See* Srebro Cert., Ex. B, Endorsement No. 1. By contrast, the General Star policy extended coverage to "buildings—meaning all residential property including apartments, condominiums and office buildings including office—condominium[s] which have been acquired by the assured through repossession, foreclosure, deed in lieu of foreclosure, or in the process of foreclosure, or as mortgage in possession." *See* Pasquariello Cert., Ex. A, Endorsement No. 2.

Pursuant to the Court's ruling, defendant Generali, therefore, has fulfilled its obligation to plaintiff under the insurance policy.[6] Hence, plaintiff's motion for summary judgment against defendant Generali must be denied. Similarly, defendant General Star's motion for summary judgment against defendant Generali must be denied. Because defendant Generali is not required to pay any amount above and beyond its *pro rata* share of plaintiff's loss, defendant Generali's cross-motion for summary judgment against plaintiff must be granted.

### CONCLUSION

For the foregoing reasons, plaintiff's motion is **DENIED,** defendant Generali's motion is **GRANTED,** and defendant General Star's motion is **DENIED.**

---

**6.** But for plaintiff's failure to file suit against defendant General Star within the suit limita-

tions period, General Star would be liable for the balance of the claim.