

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2003

# Dieng v. Entr Rent A Car

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3935

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Dieng v. Entr Rent A Car" (2003). *2003 Decisions.* Paper 478.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/478

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 01-3935; 02-3663; 02-3902
_____

BINTOU K. DIENG, as the Intended Third Party Beneficiary of
the Policy of Insurance/Self-Insurance Issued to Enterprise
Rent-a-Car and individually; OUMOU DIENG, as the Intended
Third Party Beneficiary of a Policy of Insurance/Self
Insurance Issued to Enterprise Rent-a-Car and individually;
ESTATE OF SOUKAINA COLY, by and through Papa Diop
Administrator ad Prosequendum, as the Intended Third-Party
Beneficiary of a Policy of Insurance/Self-Insurance Issued
to Enterprise Rent-a-car and individually; ESTATE OF AWA
DIENG, by and through Ibrahima Sene, Administrator ad
Prosequendum, as the Intended Third-Party Beneficiary of a
Policy of Insurance/Self Insurance Issued to Enterprise
Rent-a-Car and individually; ESTATE OF ASSIETOU DIENG, by and
through Ibrahima Sene, Administrator ad Prosequendum, as the Intended
Third-Party Beneficiary of a Policy of Insurance/Self Insurance Issued to
Enterprise Rent-a-Car and individually

                                        Appellants in No. 02-3902
                        v.

ENTERPRISE RENT-A-CAR; ELCO ADMINISTRATIVE SERVICES,
jointly, severally and/or in the alternative

          Enterprise Rent-A-Car and Elco Administrative Services,
                    Appellants in Nos. 01-3935 & 02-3663


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 00-cv-05764 )
District Judge:   Honorable Jerome B. Simandle

1

_____

Argued April 23, 2003
Before:   SCIRICA, <u>Chief</u> <u>Judge</u>,* AMBRO and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed:   June 6, 2003)
_____

Christopher A. Jeffreys, Esquire (ARGUED)
Law Offices of Christopher A. Jeffreys, P.C.
*Pro Hac Vice Counsel*
425 Broad Hollow Road
Melville, New York 11747

Kent & McBride, P.C.
1040 Kings Highway North, Suite 403
Cherry Hill, New Jersey 08034

<u>Attorneys for Defendants-Appellants/Cross-Appellees Enterprise Rent-A-Car, ELCO</u>
<u>Administrative Services</u>


Mark S. Gertel, Esquire (ARGUED)
Gertel & Feld, P.C.
1040 North Kings Highway, Suite 725
Cherry Hill, New Jersey 08034

<u>Attorneys for Plaintiffs-Appellees/Cross Appellants Bintou K. Dieng, et. al.</u>

_____

<u>OPINION</u>

_____


_____

* Judge Scirica began his term as Chief Judge on May 4, 2003.

2

WEIS, Circuit Judge.

This case is a declaratory judgment action originally filed in the New Jersey Superior Court and later removed to the United States District Court for the District of New Jersey. The primary issue is the applicability of New Jersey's "deemer statute," N.J.S.A. 17:28-1.4, a provision of that state's automobile insurance legislation.

In general, the "deemer statute" requires companies authorized to transact insurance business in New Jersey to provide in their policies personal injury protection benefits such as medical bills and funeral expenses. The statute makes such coverage available to accident victims injured within New Jersey, regardless of their domicile and whether the insurance policy covering the accident was purchased outside the state.

The plaintiffs in this case were the driver and passengers of a car leased in Virginia from the Enterprise Leasing Company, a Virginia corporation wholly owned by Enterprise Rent-A-Car, a Delaware Corporation. To insure the vehicle, Rent-A-Car filed a certificate of self-insurance with the New Jersey Department of Insurance in accordance with that state's requirements. Plaintiffs filed suit against Rent-A-Car as the vehicle's insurer to recover personal injury protection benefits.

The District Court, in a well-reasoned opinion, concluded that it had personal jurisdiction over Rent-A-Car by virtue of its New Jersey registration, that New Jersey rather than Virginia law should apply, and that under New Jersey law, self-insurance is the equivalent of a policy of insurance. See Ryer/P.I.E. Nationwide, Inc. v.

4

Harbor Bay Corp., Inc., 575 A.2d 416 (N.J. 1990). As a result, Rent-A-Car was required to pay personal injury protection benefits to the plaintiffs, all of whom were non-residents of New Jersey.

After careful review of the record, including the thorough briefs of counsel, and having had the benefit of excellent oral argument, we conclude that the District Court arrived at the correct result in determining eligibility for PIP benefits. The District Court's careful and comprehensive opinion analyzed the contested issues and, in our view, accurately predicted what the New Jersey Supreme Court would hold in a similar case.

We point out once again that the grant of a declaratory judgment in the federal courts is discretionary, and must "yield to considerations of practicality and wise judicial administration." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)). Particularly when the issue is the novel interpretation of a state statute concerned with the terms of insurance policies, disputes are better resolved in the first instance in the state system. Those courts can issue a definitive ruling on the legal contentions, rather than render a prediction of what the highest court of the state would decide.

A certification procedure to the state supreme court is an option in resolving the issues here. However, we deem it inappropriate particularly in this case where the defendant removed the declaratory judgment from the state court where it was originally

5

filed, and chose to litigate the issue in the federal courts.

The District Court denied plaintiffs' request for attorneys' fees under New Jersey Court Rule 4:49(a)(6), noting that the plaintiffs are first-party claimants seeking direct benefits from the defendant. The Rule provides that: "[no] fee for legal services shall be allowed in the taxed costs or otherwise, except . . . [i]n an action upon a liability or an indemnity policy of insurance, in favor of a successful claimant." On its face, the Rule would prohibit the award of attorneys' fees in cases such as the one before us.

The New Jersey Supreme Court has only obliquely addressed the issue. In Darel v. Pennsylvania Mfg. Assoc. Ins. Co., 555 A.2d 570 (N.J. 1989), the Court conceded that although the propriety of the award of fees in that PIP case had neither been briefed nor argued, the "exercise of discretion" in awarding the fee "is sustainable." The Court did not discuss the Rule or even cite to it.

In Maros v. Transamerican Ins. Co., 388 A.2d 971, 974 (N.J. 1978), the Court stated that "counsel fees are discretionary when actions on an insurance policy is involved." Again, the Court did not cite to the Rule, and it is clear that the expansive off-hand comment is inconsistent with the text and the Court's subsequent actions. See also Enright v. Labou, 521 A.2d 1300 (N.J. App. Div. 1987) (observing that the Supreme Court Committee on Counsel Fee Awards had recommended the Rule not be changed to allow recovery in first-party claims against insurance companies. The Court did not expand the Rule following that Committee report.).

6

Cirelli v. Ohio Cas. Co., 371 A.2d 17, 19 (N.J. 1977) was the Court's first encounter with a PIP claim case. In approving an award of a fee, the Court cited the Rule, but did not explain its application to that first-party action. Thus, a review of the New Jersey Supreme Court opinions does not offer any clear exposition of its application of the Rule in PIP cases.

However, despite the language of the Rule, the New Jersey Superior Court Appellate Division, in a series of opinions, has permitted the discretionary award of fees in PIP cases. See, e.g., Scullion v. State Farm Ins. Co., 785 A.2d 469 (N.J. App. Div. 2001); Helton v. Prudential Prop. & Cas. Co., 500 A.2d 717 (N.J. App. Div. 1985).

In Pressler, Rules Governing The Courts of the State of New Jersey, 1612 (2003 ed.), the author states:

> "Since the stated intention of the Rule was to permit an award of counsel fees only where an insurer refused to indemnify or defend in respect to its insured's third-party liability to another, it should not be extended, beyond its express terms, to permit a counsel fee . . . to an insured who brings a direct suit against his insurer to enforce casualty or other direct coverage including UM/UIM coverage."

However, citing numerous cases, the commentary continues "[s]uch a fee is, however, allowable in personal injury protection benefits actions where the insured counsel is successful." To support this exception to the Rule, Pressler cites to the Supreme Court

opinions noted above, as well as numerous cases of the Appellate Division of New Jersey.

The defendant relies upon language in Eagle Fire Prot. Corp. v. First Indem. of America Co., 678 A.2d 699 (N.J. 1996), in which the New Jersey Supreme Court referred to the commentary, asserting that counsel fees should be awarded only in third-party cases. Although counsel fees were there denied, that case involved a surety bond, not a casualty insurance policy, and the Court did not discuss the PIP situation. Consequently, Eagle Fire does not govern the defendant's cause.

The argument that the Rule's language excludes all first-party cases, including PIP, is a strong one. In reality, however, it appears that the Appellate Division has concluded that PIP is an exceptional situation beyond the scope of the Rule. The New Jersey Supreme Court is apparently content to allow this reading to prevail, an approach which we, as a result, are constrained to follow as well. In these circumstances, we believe that, in its discretion, the District Court did have authority to allow counsel fees. Accordingly, we will remand to the District Court so that it may exercise its discretion. We intimate no view on whether counsel fees should be awarded or in any amount.

The Judgment of the District Court will be affirmed on the ruling in favor of the plaintiffs on eligibility for PIP benefits. The order denying counsel fees will be reversed, and the matter will be remanded to the District Court for further consideration consistent with this Opinion.

8

_____

TO THE CLERK:

Please file the foregoing Opinion.


      /s/ Joseph F. Weis, Jr.
    United States Circuit Judge